

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

February 21, 1957.

Honorable W. G Woods, Jr.
County Attorney
Liberty County
Liberty, Texas.

OPINION NO. WW-36

Re: Is it legal for a sheriff
to work prisoners out-
side of the county jail
on his private ranch op-
erations even if the
labor is voluntary and
the prisoners are paid
out of the sheriff's
personal funds?

Dear Mr. Woods:

This opinion is in response to your letter of February
12, 1957, in which you asked the following question:

"Is it legal for a sheriff to work prisoners
outside of the County Jail on his private ranch
operations whether or not such prison labor is
voluntary on the part of the prisoners and whether
or not such prisoners are paid for their labor out
of the personal funds of the sheriff?"

Article 793 of Vernon's Code of Criminal procedure reads
in part:

"When a defendant is convicted of a misdemeanor
and his punishment is assessed at a pecuniary fine,
if he is unable to pay the fine and costs adjudged
against him, he may for such time as will satisfy the
judgment be put to work in the workhouse, or on the
county farm, or public improvements of the county, as
provided in the succeeding article; or if there be
no such workhouse, farm or improvements, he shall be
imprisoned in jail for a sufficient length of time to
discharge the full amount of fine and costs adjudged
against him; . . ."

Article 794 of Vernon's Code of Criminal Procedure reads
in part:

"Where the punishment assessed in a conviction for misdemeanor is confinement in jail for more than one day, or where in such conviction the punishment is assessed only at a pecuniary fine and the party so convicted is unable to pay the fine and costs adjudged against him, those so convicted shall be required to do manual labor in accordance with the provisions of this article under the following rules and regulations: . . .

"5. They shall be put to labor upon the public roads, bridges or other public works of the county when their labor cannot be utilized in the county workhouse or county farm. . ."

Attorney General's Opinions O-1061 and O-3809, copies of which are herewith enclosed, hold that the above mentioned Articles require that county prisoners be worked only on county projects.

The fact situation involved in your request is clearly of a private nature and in accord with the above Attorney General's Opinions, we are of the opinion that Articles 793 and 794, V.C.C.P designate the exclusive projects upon which county prisoners may be employed. Your question is therefore answered in the negative.

## SUMMARY

It is illegal for a sheriff to work prisoners outside of the county jail on his private ranch operations even if the labor is voluntary and the prisoners are paid out of the sheriff's personal funds.

Yours very truly,

WILL WILSON
ATTORNEY GENERAL

By *Wayland C. Rivers Jr.*
Wayland C. Rivers, Jr.
Assistant Attorney General

WCR:jl
Encl.

APPROVED:

OPINION COMMITTEE
By  H. Grady Chandler
        Chairman